## GLADYS L. CHENEY vs. HARRY I. CHENEY.

Sagadahoc County. Decided February 9, 1923. This is an action to recover for services as housekeeper and nurse rendered to defendant during the last illness of his wife. The defendant and his wife are the parents of plaintiff's husband.

The plaintiff does not claim to recover under an express contract; she states positively that there was none, and she further states that the services rendered by her prior to her mother-in-law's return home from the Fairfield Sanitorium, about June 1, 1920, were rendered without expectation of compensation. But she says that although she remained after the return of Mrs. Cheney, Senior, as a matter of family affection and friendship, she "expected to be paid something."

The defendant, on the other hand, says that the son, husband of the plaintiff, brought his family, consisting of his wife and two children, aged four and six years at the time of trial to his father's house solely upon the suggestion of the son; that no suggestion was made to him that the daughter-in-law expected payment from him for her services; that he had no reason to understand that she expected to receive compensation from him; that she never asked him to pay her, which she admits to be true; and that the only expectation of remuneration which either the son or his wife had, was the expectation that the son would receive a bequest under his mother's will, which he did receive amounting to $1,950.

We have carefully read the record in this case. There is a sharp conflict of testimony between the plaintiff and her husband, on the one side, and the defendant on the other. While there is much in the record to sustain the defendant's position that the plaintiff rendered her services without expectation of compensation from him, and that the claim here presented is purely an afterthought, yet there was testimony which, if believed by the jury, was sufficient to support a finding by the jury that the services were rendered under circumstances consistent with contract relations between the parties; that they were rendered by the plaintiff in the expectation and belief that she was to receive payment; and that the circumstances of the case and the conduct of the defendant justified such expectation and belief. When the parties bear the relationship to each other existing in this case, the law makes it peculiarly the province of the jury to determine, upon the circumstances existing in each case, whether the services were rendered upon the basis of a contract. *Saunders* v. *Saunders*, 90 Maine, 284. *Hatch* v. *Dutch*, 113 Maine, 405.

While the award of the jury may seem quite liberal, yet manifest error does not appear in determining either the question of liability or the amount of compensation; nor does the verdict appear to be

the result of bias or prejudice; the court is, therefore, not warranted in setting it aside. Motion overruled. *Wheeler & Howe and Dana S. Williams*, for plaintiff. *McGillicuddy & Morey*, for defendant.